IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHELLE D. DOWNS,<br>on behalf of herself and<br>all others similarly situated<br><br>Plaintiff,<br>v.<br><br>MCLEOD EXPRESS LLC,<br><br>and MARK R. MCLEOD,<br>an individual.<br><br>Defendants. | Case No. 16-2060<br><br>Jury Trial Requested<br><br><br><br>Equitable Relief Requested |

## COMBINED ACTION COMPLAINT

**NATURE OF CLAIM**

1.  This is a combined action consisting of a collective action under section 16(b) of the Fair Labor Standards Act ("FLSA") 29 U.S.C. section 216(b), and a state-law class action under Federal Rule of Civil Procedure 23, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq..  Plaintiff brings this action on behalf of herself and all persons employed by McLeod Express, LLC ("McLeod") as so-called "city drivers" at any time within the three years prior to this action's filing date through the final disposition of this action who were not paid for overtime. Plaintiff's consent to act in a representative capacity is attached hereto as Exhibit A.

**THE PARTIES**

2.  Plaintiff, Michelle D. Downs, is an adult female residing in Macon County,

Illinois, and at all times relevant to this Complaint was employed by McLeod as a city driver.

3. Plaintiff, at all times relevant to this complaint was an "employee" of McLeod within the meaning of Section 2(e)(1) of the FLSA, 29 U.S.C. section 202(e)(1), Section 3(d) of the IMWL, 820 ILCS 105/3(d), and Section 2 of the IWPCA, 820 ILCS 115/2.

4. McLeod is an Indiana LLC with its principal office at 5002 Cundiff Court, Decatur, Illinois 62526.

5. McLeod is and at all times relevant to this complaint was an "employer" within the definitions of section 3(a) and 3(d) of the FLSA, 29 U.S.C. section 203(a) and (d), Section 3(c) of the IMWL, 820 ILCS 105/3(c), and Sections 2 and 13 of the IWPCA, 820 ILCS 115/2 and 115/13.

6. McLeod was at all times relevant to this complaint an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(r) and 3(s) of the FLSA, 29 U.S.C. section 203 (r) and 203 (s), and had annual gross revenues in excess of $500,000.00.

7. The individual defendant, Mark R. McLeod, is a management official of McLeod being held liable as acting in the interest of McLeod within the meaning of section 203(d) of the FLSA, 29 U.S.C. section 203(d), section 3(c) of the IMWL, 820 ICLS 105/3(c), and sections 2 and 13 of the IWPCA, 820 ILCS 115/2 and 115/13.

**JURISDICTION AND VENUE**

8. The jurisdiction of this Court is conferred by 28 U.S.C. sections 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state- law claims pursuant to 28 U.S.C. section 1367. Venue is properly laid in this judicial district pursuant to the

FLSA and 29 U.S.C. section 1391.

**FACTUAL ALLEGATIONS**

9. Plaintiff began employment by McLeod as a city driver with the city division of McLeod on or about November 9, 2015, and was employed continuously until March 4, 2016.

10. Plaintiff's typical day involved approximately 12 hours of work and she was required to report at least 30 minutes prior to her shift to perform duties integral and indispensable to her principal employment activities for which she was not compensated.

11. Plaintiff worked approximately 60 hours each workweek and was not paid for overtime at a rate of one and one half times her regular rate of pay.

12. Plaintiff was assigned a truck to drive and directed to haul either corn germ or corn meal within ADM property in Decatur, Illinois.

13. Corn germ is the embryo inside a corn kernel which contains approximately 85 percent of corn's oil. Corn germ meal is the by-product of oil extraction from corn germ.

14. Workers hauling corn germ load their trucks at ADM East Plant and dump it at ADM West Plant. Workers hauling corn germ meal load their trucks at ADM West Plant and dump it at ADM East Plant.

15. The city division has two 12-hour day shifts and two 12-hour night shifts working 24 hours a day every day of the year.

16. Approximately 40 current and former drivers have been employed as city drivers at ADM during the relevant period of time.

17. In accordance with their policy, the Defendants willfully failed to compensate Plaintiff at the rate of one and one half times her regular rate of pay for those hours she worked in excess of forty hours per work week.

**COLLECTIVE AND CLASS ALLEGATIONS**

18. Plaintiff brings Count I (the FLSA claim) as an "opt-in" collective action under 29 U.S.C. Section 216(b) on behalf of all who file a consent to join form with the Court.

19. Plaintiff, individually, and on behalf of other similarly situated employees, seeks relief on a collective basis challenging McLeod's failure to properly pay for all overtime hours worked and uncompensated pre-shift activities. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined by McLeod's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

20. Plaintiff brings Count II and Count III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and as Class Representative of the following persons:

All current and former city drivers employed by McLeod at ADM within the State of Illinois and within the applicable statute of limitations.

21. The state law claims, if certified for class treatment, are brought on behalf of all similarly situated persons who do not opt-out of the class.

22. Plaintiff's state law claim satisfies the numerosity, commonality, typicality, adequacy and superiority requirements of Fed. R. Civ. P. 23. In this respect there are likely more than forty individuals who would be included in the class who are located around the State of Illinois. As such, joinder is not practical. Questions of fact and law are nearly identical and include whether McLeod failed to both accurately record hours

and pay overtime benefits in violation of the Illinois Wage Payment and Collection Act. Plaintiff's claims are typical because the type of work that she performed is identical to the work of the other city drivers working for McLeod.

### COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

23. Plaintiff realleges and incorporates paragraphs 1 through 22 of this complaint.

24. This count is brought as a collective action under the FLSA and arises from McLeod's willful violation of the Fair Labor Standards Act, 29 U.S.C. section 201, et. seq., for its failure to pay minimum wages and overtime to Plaintiff and others similarly situated.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Judgment in the amount of the owed wages and owed overtime wages;

B. Liquidated damages in an amount equal to the amount of unpaid wages and overtime wages;

C. Reasonable attorneys' fees and costs incurred in prosecuting this action;

D. An order directing McLeod to supply the last known names and home addresses of all persons similarly situated to Plaintiff employed by McLeod at any time during the past three years immediately preceding the filing of this action; and

E. Such other and further relief as this Court deems just and proper.

### COUNT II
### Violation of the Illinois Minimum Wage Law - - Overtime Wages
### (Class Action)

25. Plaintiff realleges and incorporates paragraphs 1 through 24 of this complaint.

26. McLeod knew or showed reckless disregard for the fact that their failure to pay

overtime to Plaintiff and similarly situated employees was in violation of section 4a(1) of the IMWL, 820 ILCS 105/4(a)(1).

27. By the facts alleged, McLeod violated the IMWL.

28. This count is brought pursuant to FRCP 23(a) and 23(b) because the class of plaintiffs is so numerous that joinder of all class members is impracticable, there are common questions of law and fact, the representative plaintiff is typical of the claims of the class, and the representative plaintiff will fairly and adequately protect the interests of the class.

WHEREFORE, Plaintiff and the class pray for judgment against Defendants as follows:

A. Judgment in the amount of all back wages and overtime wages due as provided by the IMWL;

B. Prejudgment interest in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action;

D. Injunctive relief precluding McLeod from violating the IMWL;

E. An order directing McLeod to supply the last known names and home addresses of all persons similarly situated to Plaintiff employed by McLeod at any time during the past three years immediately preceding the filing of this action; and

F. Such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Class Action)

29. Plaintiff realleges and incorporates paragraphs 1 through 28 of this complaint.

30. This count is brought pursuant to FRCP 23(a) and 23(b) because the class of

plaintiffs is so numerous that joinder of all class members is impracticable, there are common questions of law and fact, the representative plaintiff is typical of the claims of the class, and the representative plaintiff will fairly and adequately protect the interests of the class.

31. McLeod knowingly and intentionally instituted practices that resulted in employees working certain time without compensation, in violation of the IWPCA.

WHEREFORE, Plaintiff and the class pray for judgment against Defendants as follows:

A.  Judgment in the amount of all back wages due as provided by the Illinois Wage Payment and Collection Act;

B.  Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  Judgment in accordance with 820 ILCS 115/14(a) in the amount of two percent of the amount of all underpayments for each month following the date of payment during which each underpayment remains unpaid;

D.  Reasonable attorneys' fees and costs of this action;

E.  Injunctive relief precluding McLeod from violating the IWPCA;

F.  An order directing McLeod to supply the last known names and home addresses of all persons similarly situated to Plaintiff employed by McLeod at any time during the past ten years immediately preceding the filing of this action; and

G.  Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MICHELLE D. DOWNS**

s/  James A. Devine
One of Her Attorneys


James A. Devine
Attorney at Law
607 East Adams
Suite 1510
Springfield, Illinois 62701
voice (217) 788-0798
facsimile (217) 788-1660
email:  jamesalbertdevine@gmail.com
ARDC No. 0625140

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
voice: (217) 522-3445
facsimile:  (217) 522-8234
email:  johnbakerlaw@sbcglobal.net
ARDC No. 6244334